UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
        **Plaintiff**
v.

**MICHAEL J. PARROW**
        **Defendant**

Case Number 4:98CR3083-001

USM Number 28568-013

Michael J. Hansen

Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

**THE DEFENDANT** admitted guilt to allegation Nos. 1 through 5 of the Petition for Offender Under Supervision (filing 66) of the term of supervision.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following violations:

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 (Special Condition) | Pursuant to 18 U.S.C. 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance.  Further, the defendant shall submit to such testing as requested by any United States Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances.  The defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances. | September 10, 2005 |

| | | |
|---|---|---|
| 2 (Standard Condition #3) | The defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month. | September, 2005 |
| 3 (Standard Condition #8) | The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. | September 26, 2005 |
| 4 (Standard Condition #9) | The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places specified by the court. | September 27, 2005 |
| 5 (Special Condition #2) | The defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the U.S. Probation Officer. | August 24, 2005 |

**Original Offense:** Count I of the Indictment: Conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. 846.

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
May 15, 2006

s/ Warren K. Urbom
United States Senior District Judge

May 16, 2006

Defendant: Michael J. Parrow                           Judgment-Page 3 of 7
Case Number: 4:98CR3083

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 36 months.

[X]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **no later than July 15, 2006, by 2:00 p.m.,** as notified by the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, 20_____.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, 20_____ to _____ with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 20____.

_____
UNITED STATES WARDEN

By: _____

Defendant: Michael J. Parrow                          Judgment-Page 4 of 7
Case Number: 4:98CR3083

**SUPERVISED RELEASE**

    Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years.

    While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.) If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

    Pursuant to 18 U.S.C. 3583(d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any United States Probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. The defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

1. Defendant shall be subject to search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband. Any such items found may be seized by the U.S. Probation Officer. This condition may be invoked with or without the cooperation of law enforcement officers.

2. The defendant shall attend, pay for, and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as  directed by the U.S. Probation Officer.

3. Defendant shall provide the United States Probation Officer with access to any requested financial information.

4. Defendant shall complete 200 hours of community service as approved and directed by the United States Probation Officer. The defendant shall be responsible for providing the United States Probation Officer with written proof of the number of hours completed as directed.

Defendant: Michael J. Parrow                          Judgment-Page 5 of 7
Case Number: 4:98CR3083

5. Defendant shall report to the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, NE,(402) 437-5223, within seventy-two (72) hours upon his release from confinement.

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places as specified by the court;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

Defendant: Michael J. Parrow                          Judgment-Page 6 of 7
Case Number: 4:98CR3083

### STANDARD CONDITIONS OF SUPERVISION - CONTINUED

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;
15) the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16) the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

   These conditions are in addition to any other conditions imposed by this Judgment.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 | $ | $ |
|  | **(as of 5/15/06, $50.00 balance)** | | |

**SCHEDULE OF PAYMENTS**

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:
(X)  in full immediately
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Defendant: Michael J. Parrow                              Judgment-Page 7 of 7
Case Number: 4:98CR3083

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 100 Centennial Mall North, Room 593, Lincoln, NE  68508.

**Special instructions regarding the payment of criminal monetary penalties:**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK


By _____Deputy Clerk